**JURY SELECTION PROTOCOL**
**CRIMINAL CASES BEFORE JUDGE BLAKEY**

The following steps describe the standard procedure for jury selection in criminal cases before Judge John Robert Blakey:

(1) The entire venire is brought into Courtroom 1203. The Court then makes some preliminary remarks about the case, the responsibilities of jury service, and the jury selection procedure itself;

(2) The attorneys and parties introduce themselves to the venire;

(3) The Courtroom Deputy swears the members of the venire for the purposes of jury selection;

(4) The Court may pose several brief questions to the venire as a whole, with responses being expressed by a show of hands and noted by the Court as needed;

(5) With the exception of the first 14 potential jurors, who take their place in sequential order in the jury box, the remaining members of the venire are returned to the jury assembly room on the second floor to await later questioning in the courtroom (Note: the order of juror numbers "reads like a book" in the jury box, that is, left to right and from top to bottom, with the far left chair in the back row being the first juror, numbers running in order across the back row, and then picking up in the front row, again running left to right);

(6) As to the first 14 potential jurors in the jury box ("Group of 14"), the Court asks questions of each of the individual members of the Group of 14, and this may include specific questions proposed by the parties at the pretrial conference and approved by the Court. As explained to the venire in advance by the Court, any questions requiring private answers by members of the Group of 14 are handled on the record but at sidebar, outside the hearing of the rest of the Group of 14;

(7) After the entire Group of 14 has been initially questioned by the Court, each side (Government then Defendant) will be given 15 minutes to question the Group of 14. The parties must avoid repetitive, argumentative, or indoctrinating questions, and they must request sidebars for any questions requiring private answers by the Group of 14. The Court will sustain objections as to any questions that are improper in either form or substance, and will do so on its own motion when necessary. The 15 minute limitation will be strictly enforced, and any unused time cannot be reserved for any subsequent questioning. If the questioning by counsel, however, entails time-consuming objections by opposing counsel, then the Court may exercise its discretion to extend the 15 minute limitation;

(8) After each side has used or yielded its 15 minutes for questioning, the Court brings the parties to sidebar and inquires if they have any supplemental questions to propose regarding any member of the Group of 14 currently in the jury box. If proper, the Court will ask the supplemental questions, and, once again, any questions requiring private answers will be handled on the record but at sidebar outside the hearing of the rest of the Group of 14;

(9) The Court repeats Step 8 until all proper questioning of the Group of 14 in the jury box has been completed;

(10) The Court then sends this Group of 14 to the jury room assigned to Courtroom 1203, and the attorneys for each side are given a few minutes to prepare their challenges for cause;

(11) With the Government going first, the parties then make motions to strike for cause specific individuals within the Group of 14, articulating all potential challenges for cause applicable to each individual. After hearing argument from both sides as to a potential juror challenged for cause, the Court grants or denies the motion to strike as to that individual. The Court then hears any additional motions by the Government to strike other individuals within the Group of 14. The same process then goes forward for the Defendant's motions to strike for cause specific individuals within the Group of 14. After completion of all challenges for cause applicable to the Group of 14, the parties are given a few minutes to prepare their peremptory challenges;

(12) After the short recess, each side writes on a piece of paper the name and number of _all_ of their peremptory challenges applicable to the entire Group of 14 (who have not already been dismissed for cause), and submits the note to the Court. In all non-capital felony cases, the Government will normally have 6 total peremptory challenges, and, absent special circumstances, the Defendant will normally have 10;

(13) After reviewing the written peremptory challenges, the Court announces all of the strikes from each side on the record. If both parties use a peremptory strike against the _same_ member of the Group of 14, then that peremptory strike counts against the total allotment of peremptory strikes for _both_ parties. All potential jurors within the Group of 14 are then brought into the courtroom. Potential jurors that have not been successfully struck for cause or struck by a peremptory challenge by either side are given the standard admonishments, advised to return the following day to be sworn as members of the jury, and then released for the day. The Court does not permit back-striking of such jurors. The Court also thanks and excuses all potential jurors within the Group of 14 that *have* been successfully struck for cause or struck by a peremptory challenge;

(14) Once the entire Group of 14 has been addressed by way of challenges for cause, peremptory challenges, or acceptance to serve on the jury, the Courtroom Deputy calls for a second group of 14 jurors from the jury assembly room.

(15) Upon arrival of the second Group of 14 potential jurors, the Court repeats Steps 6-14 above (questioning and striking) for this new panel, this time with the Defendant going first and then the Government second. If more jurors are needed, the Court will repeat Steps 6-14 above a third time (Government then Defendant questioning and striking), and the process continues as necessary, with each successive panel of 14 new individuals from the jury assembly room, until 14 (12 jurors and 2 alternates) have been seated.

(16) The selected jury will not be sworn for trial purposes until the beginning of trial. If, at any time, either side wishes to raise any legal motion or challenge regarding jury selection, then they must do so outside the presence of any members of the venire.