UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIGGINS, et al | No. 21 CR 618<br><br>Honorable Martha M. Pacold |

**GOVERNMENT'S MOTION TO EMPANEL AN ANONYMOUS JURY**

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully requests that the Court empanel an anonymous jury for the reasons set forth below and further set forth in the accompanying under seal attachment.[1] An anonymous jury is appropriate, both because of the dangerousness of defendants' criminal enterprise and because of the significant publicity related to the case that could expose jurors to harassment, intimidation, and harm.

**I.     APPLICABLE LAW**

The use of anonymous juries has been held constitutional and a matter properly committed to the discretion of the district court. *United States v. Crockett*, 979 F.2d 1204, 1215 (7th Cir. 1992), *cert. denied*, 113 S. Ct. 1617 (1993). "Empaneling an anonymous jury [however] is an extreme measure that is warranted only 'where there is a strong reason to believe the jury needs protection.'" *United States v. Mansoori*, 304 F.3d 635, 650 (7th Cir. 2002) (quoting *United States v. Crockett*, 979 F.2d 1204, 1215 (7th Cir. 1992)). This is true because, the Seventh Circuit has

---

[1] The government understands that at least one defendant, Liggins, opposes this motion. It is unclear if all defendants join in Liggins's motion, or if only Liggins opposes this motion.

reasoned, that an anonymous jury raises "the specter that the defendant is a dangerous person from whom the jurors must be protected, thereby implicating the defendant's constitutional right to a presumption of innocence," *Mansoori*, 304 F.3d at 650 (quoting *United States v. Ross*, 33 F.3d 1507, 1519 (11th Cir. 1994)), and because "[j]uror anonymity also deprives the defendant of information that might help him to make appropriate challenges – in particular, peremptory challenges – during jury selection," *Mansoori*, 304 F.3d at 650.

Despite the admittedly serious implications drawn from empaneling an anonymous jury, courts within this District have allowed them, *see infra*, at 12-13, and the Seventh Circuit has set forth a set of factors that "bear on the propriety of an anonymous jury." *Id.* at 650. These factors include:

> [1] [defendants'] involvement in organized crime; [2] [defendants'] participation in a group with the capacity to harm jurors; [3] whether [defendants] previously [have] attempted to interfere with the judicial process; [4] the severity of the punishment that the [defendants] would face if convicted; [5] and whether publicity regarding the case presents the prospect that the jurors' names could become public and expose them to intimidation or harassment.

*Mansoori*, 304 F.3d at 650-51. In applying these factors, the Seventh Circuit has determined, a court should not order the empaneling of an anonymous jury without "(a) concluding that there is a strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." *Crockett*, 979 F.2d at 1215 (citing *United States v. Paccione*, 949 F.2d 1183, 1992 (2d Cir. 1991)). Not all of these

2

factors need be present, but instead, the Court should "look to the totality of circumstances" in determining whether an anonymous jury is appropriate. *United States v. Branch*, 91 F.3d 699, 724 (5th Cir. 1996) (quotation omitted).

In this case, four of the five *Mansoori* factors support the empaneling of an anonymous jury. Specifically: (1) defendants are alleged to have been involved in organized and violent crime; (2) defendants are alleged to have participated in an enterprise with the capacity to harm witnesses and jurors; (3) defendants face a significant term of imprisonment; and (4) there has been significant prior publicity surrounding this case. All of these factors, coupled with the reasonable precautions this Court may impose to minimize any prejudicial effect on the defendants, support the empaneling of an anonymous jury.

## II.  ANALYSIS

Here, four of the five factors weigh in favor of an anonymous jury. The factor of most concern is that the high public interest in the details of this case and the parties to it, combined with the dangerousness of the enterprise that the defendants are members of or otherwise associated with, presents a strong likelihood that juror information will become public and subject the jurors to harm, harassment, and intimidation.

### a. There has been significant publicity surrounding this case.

As alleged in the indictment, the defendants murdered Carlton Weekly, a rapper who performed as "FBG Duck," on East Oak Street in Chicago, shooting two other people in the process. Weekly was well-known in the Chicago area and

worldwide. In fact, Weekly's music has tens of millions of views on YouTube. Weekly's death garnered significant attention from the moment it occurred. Local, national, and international media outlets reported on Weekly's murder beginning from the day that Weekly was murdered and continue to this day. The list of publications that reported on Weekly's murder is too long to list, but a number of examples are referenced in Exhibit 1.

On the day of the murder, multiple CPD units were dispatched to Northwestern Hospital, the place where Weekly's body was taken, and were tasked with crowd control to ensure the safety of the numerous mourners and fans who had gathered in the area. Since then, public speculation about this case—on online forums, YouTube, and elsewhere—has continued. Entire online communities and internet personalities exist to discuss and dissect the Chicago drill music scene, including who dissed who, who went to jail for what, and who, allegedly, is "snitching" in this and many other criminal cases. These forums also provide a place for users to erroneously analyze, in detail, filings from the docket in this matter, records purporting to be related to this matter from other sources, and other materials related to this case.

One such online forum is "Chiraqology," a discussion forum on Reddit.com.[2] As of September 7, 2023, the forum has approximately 250,000 members, although non-members can also view the content on the forum. As of September 7, 2023, the pinned post at the very top of the forum is a PDF of the government's *Santiago* proffer (Dkt.

---

[2] Accessible here: https://www.reddit.com/r/Chiraqology/ (last accessed September 7, 2023).

191).[3]

The government's *Santiago* proffer was also read by a YouTuber who posted images of each page along with audio of himself reading the document.[4] While the *Santiago* proffer is a public document on the docket, the video demonstrates the strong public interest in the details of this case.

This factor weighs in favor of anonymity of the jury. The publicity surrounding this case enhances the *possibility* that the jurors' names would become public and expose them to intimidation and harassment, and potentially harm. Courts have allowed anonymous juries even where the publicity surrounding a case has been minimal. *United States v. White*, No. 08-CR-851, 2010 WL 10861118, at *10 (N.D. Ill. Dec. 16, 2010), aff'd, 698 F.3d 1005 (7th Cir. 2012) (providing that, in a case where defendant was charged with soliciting an attack on a federal juror, "while this case has not generated great publicity, there has been some, which may increase the likelihood of public disclosure of jurors' names, which may in turn leave them fearful of intimidation or harassment"). By contrast, in this case the publicity is substantial.

### b. Defendants Are Involved in Organized Crime

Courts are particularly apt to empanel anonymous juries when the case involves organized crime. *See Crockett*, 979 F.2d at 1215, n.10 (explaining that the concerns related to protecting jurors from "harassment, intimidation, anxiety, and a host of other disruptive influences" that "commonly arise in trials relating to large-

---

[4] "Here is the complete Oblock conspiracy document."
https://www.reddit.com/r/Chiraqology/comments/15ny42u/here_is_the_complete_oblock_conspiracy_document/ (last accessed September 7, 2023).
[4] https://www.youtube.com/watch?v=ckQb7kI5wZI (Last visited September 7, 2023).

5

scale organized crime or narcotics enterprises").[5]

As described in the superseding indictment, the government's *Santiago* proffer, and other filings, the defendants were members or associates of the O-Block street gang, an enterprise, which has had a years-long, deadly rivalry with an opposing gang set, STL. O-Block, had among its purposes, "[a]quiring, preserving, and protecting power, territory, operations, and proceeds for the enterprise through the use of threats, intimidation, and violence, including, but not limited to, murder and other acts of violence, the illegal trafficking in controlled substances," and "[p]romoting and enhancing the enterprise and its members' and associates' activities, including by publicly claiming responsibility for acts of violence committed by the enterprise and taunting rival gang members." Different grand juries twice found that there was probable cause substantiating these allegations, and other government filings have substantiated the same. Because the O-Block enterprise is a violent organized enterprise, this *Mansoori* factor weighs in favor of an anonymous jury.

### c. Defendants Participate in Group With the Capacity to Harm Jurors and Interfere With Judicial Process

"[T]he government need not show that defendants have engaged in jury tampering in the past in order to justify the use of an anonymous jury." *United States*

---

[5] The Seventh Circuit in *Mansoori* held that involvement in organized crime is insufficient as the sole basis for juror anonymity and that "something more" was necessary, such as "a demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf or showing that trial evidence will depict a pattern of violence by the defendant and his associates such as would cause a juror to reasonably fear for his own safety." *Mansoori*, 304 F.3d at 649, 651. The government has outlined circumstances satisfying other *Mansoori* factors throughout this motion.

*v. Infelise*, No. 90 CR 87, 1991 WL 246557, at *2 (N.D. Ill. Sept. 16, 1991) (rejecting argument that no jury tampering occurred in the past when defendants were tried by non-anonymous juries). The relevant inquiry is not whether the defendants have actually interfered with the judicial process or have attempted to do so, but whether they are a part of a group that has the *capacity* to do so. *See United States v. Honken*, 378 F. Supp. 2d 880, 807 (N.D. Iowa 2004) ("what matters is the *nature* of the criminal enterprise as one that has been in the past, or potentially could be in the future, involved in harming jurors . . . the question is not just whether the defendant and his 'organization' have attempted to interfere with the criminal justice system in the past, but whether the defendant has the present ability to do so, notwithstanding his incarceration, through his associates or 'organization' "); *see also United States v. Lee*, No. 19 C 641, 2022 WL 2954971, at *1 (N.D. Ill. July 26, 2022) (finding that participation in Wicked Town enterprise supported the capacity to harm factor, as the case involved murders and other violent offenses on the part of the gang); *United States v. Zambrano*, No. 08 CR 746, 2011 WL 528926, at *3 (N.D. Ill. Feb. 4, 2011) (finding capacity to harm factor satisfied where, among other things, government presented allegations linking multiple shootings to gang, the gang had a fund "specifically for purchasing firearms for gang member use," and many uncharged gang members lived in or around Chicago); *United States v. White*, No. 08 CR 851, 2010 WL 10861118, at *10 (N.D. Ill. Dec. 16, 2010) (finding factor satisfied where allegations included that defendant's group "previously committed acts of violence against perceived enemies of their cause").

Here, the O-Block criminal enterprise has the capacity to interfere in the judicial process. O-Block is a violent criminal organization and not every member of O-Block has been charged in this case; only the members and associates involved in the shooting on East Oak Street on August 4, 2020, have been charged. Other members of O-Block remain at large. And as set forth in the government *Santiago* proffer and Rule 404(b) filing, members of O-Block other than the charged defendants have committed acts of violence in the past. Further, the evidence in this case will show a brazen daytime murder of Weekly and an assault on two nearby victims who were not targets of the murder in the name of furthering the goals of O-Block. This factor weighs in favor of empaneling an anonymous jury.

### d. Defendants Face Severe Punishment

The fourth *Mansoori* factor concerns whether defendants face substantial penalties should they be convicted at trial. Each of the defendants faces a mandatory minimum sentence of life imprisonment if convicted on Count One of the indictment, and five of the six defendants face up to any number of years of imprisonment, including life imprisonment, if convicted on Count Two of the indictment. This constitutes a "lengthy" prison sentence under *Mansoori* that warrants the empaneling of a confidential jury. *See United States v. Delatorre*, 2008 WL 161702, at *3 (N.D. Ill. Jan. 15, 2008) (finding that the defendants facing potential life sentences weighed in favor of empaneling an anonymous jury over the defendants' objection), *aff'd United States v. Benabe*, 654 F.3d 753, 760-61 (7th Cir. 2011); *United States v. Kashmiri, et al.*, No. 09 CR 830-4, Dkt. 186 (N.D. Ill. Mar. 14, 2011) ("Additionally,

Defendant may potentially serve a life sentence (factor 4) if convicted, and jurors cannot fear that the imposition of such a severe sentence could provide fodder for retaliation."); *United States v. Cavillo, et al.* No. 16 CR 463, Dkt. 1460 (N.D. Ill. Feb. 19, 2019) *but see United States v. Lee*, 2022 WL 2954971, at *2 (N.D. Ill. July 26, 2022) (finding that the severity of the defendants' potential punishment weighed against empaneling an anonymous jury).

### III.    PROPOSED JURY PRECUATIONS

In granting the government's motion, the Court can take and implement reasonable precautions to minimize any prejudicial effects on defendants, as many other Courts in this District have done. The competing concerns for the Court's consideration are, as *Mansoori* notes, the impact on the presumption of innocence and the effect on the defendants' ability to engage in meaningful jury selection. Those important considerations have been, and can be here, sufficiently neutralized.

First, the court will instruct the jury before jury selection, before the commencement of trial, and before jury deliberations that the defendants are presumed innocent. The jurors in this case, presumably, will not have served on other federal cases and, thus, will have no reason to believe that anonymous juries are unusual in federal court. To the extent that defendants and the Court find it appropriate, the Court could also inform the jury that employment of an anonymous jury is a tool used by federal courts to avoid contact between jurors and the parties, similar to the use of different elevator banks during trial. In that way, the Court could explain, the use of an anonymous jury is another way to ensure that both sides receive

9

a fair and impartial determination of the case by the jury and is not unique or out-of-the-ordinary. The Seventh Circuit has approved of that explanation. *See Crockett*, 979 F.2d at 1217 (providing that "the district court gave the jury an explanation for their anonymous status which implied that it was not the result of threats from the defendants, but rather was one of a number of procedures used by the federal courts to avoid any contact between the jurors and the parties to ensure that both sides in the case receive a fair and impartial determination by the members of the jury") (quotation omitted); *United States v. White*, 698 F.3d 1005, 1017 (7th Cir. 2012) ("The district court also told the jurors that they were kept anonymous in order to ensure a fair and impartial trial and to prevent contact with the parties and lawyers; it did not mention security as a reason."); *Morales*, 655 F.3d at 623 ("the district court instructed the jury venire that their names were being withheld to prevent out-of-court contact, not out of concern for juror safety").

Second, the Court will conduct an in-depth *voir dire*, which will adequately protect the defendant's right to a fair and impartial jury. As the Seventh Circuit determined in *Crockett*, a defendant's "fundamental right to an unbiased jury is adequately designed to uncover bias as to issues in the cases and as to the defendant himself." *Crockett*, 979 F.2d at 1216 (citations omitted). The government proposes that the Court redact and not disclose to the parties or the public the names of the prospective venire members, as well as their home and work addresses or specific name of an employer. The only information that should be disclosed about home addresses should be a reference to the general area of a juror's residence. For

10

example, a juror from the suburbs would be instructed to respond to questions about his or her residence by providing the city or general geographical area such as North suburbs, West suburbs, South Suburbs, *etc.* Likewise, a juror who resides in Chicago would reveal only the general neighborhood where he or she lives, for example, "Logan Square" or "Bronzeville." The parties will have enough information to determine whether a particular juror is suitable to serve, without revealing the juror's exact residence. In the same manner, the government requests that the prospective jurors identify only their area of work or occupation, not the specific place of employment. For example, a juror who works at a law firm would reveal that he or she was a lawyer in a particular legal field, but not reveal his or her specific employer. Courts in this circuit have approved of the use of anonymous juries in which the jurors' names, home addresses, and places of employment were withheld from the parties. *Crockett*, 979 F.2d at 1216; *Mansoori*, 304 F.3d at 649 ("the district court decided not to disclose the names or the home and work addresses of prospective and empaneled jurors to the parties, the public, or the media—a step that resulted in an anonymous jury"); *United States v. Cavillo, et al.* No. 16 CR 463, Doc. #1460, at 3-4 (N.D. Ill. Feb. 19, 2019); *United States v. Colon et al.*, No. 97-CR-659, R.338 & 339 (N.D. Ill. Apr. 27, 1998).[6]

---

[6] The court in *Colon* ruled by minute entry: "The government's motion for an anonymous jury as to defendants is granted. [244-1] Accordingly the names, residence addresses and business addresses of potential and actual jurors are not to be disclosed in the trial of the above-entitled case. Jurors shall be identified by number. It is so ordered." *Colon*, No. 97-CR-659, R.339.

Requiring a potential juror to withhold his or her name, home address, and specific employer will not inhibit or prejudice defendants during jury selection because (1) that information—namely the juror's home and work address—provides minimal assistance gaining perspective into that venire member as a prospective juror, and (2) a thorough *voir dire*—including questions about each venire person's general area/neighborhood, marital status, type of employment, family, education, ethnic background, military service, prior jury service, interests and hobbies, organizational affiliations, and perhaps religious background, among other inquiries—will provide the parties with more-than-adequate information to exercise their challenges meaningfully and to obtain a fair and impartial jury.

Lastly, and as noted above, numerous courts in this District have empaneled anonymous juries in prosecutions of organized crime, terrorist organizations, violent street gangs, and other high-profile criminal prosecutions. For example, courts have empaneled anonymous juries in the following prosecutions:[7]

- *United States v, Lee, et al.*, No. 19 CR 641, Dkt. 563 (N.D. Ill. (Wicked Town street gang);
- *United States v. Spann*, No. 17 CR 611, Dkt. 1014 (N.D. Ill.) (Four Corner Hustlers street gang);
- *United States v. Cavillo, et al.* No. 16 CR 463, Dkt. 1460 (N.D. Ill. Feb. 19, 2019) (Latin Kings street gang);
- *United States v. Chester et al.*, No. 13 CR 774, Dkt. 707 (N.D. Ill. Aug 5, 2016) (Hobos street gang);

---

[7] This is not intended to be exhaustive of all cases within the Northern District of Illinois that have employed an anonymous jury.

12

- *United States v. Zambrano*, No. 08 CR 746, 2011 WL 528926, at *1 (N.D. Ill. Feb. 4, 2011) (Latin Kings street gang);

- *United States v. Kashmiri, et al.*, No. 09 CR 830-4, Dkt. 186 (N.D. Ill. March 14, 2011) (Lashkar terrorist organization);[8]

- *United States v. White*, No. 08 CR 851, 2010 WL 10861118, at *1 (N.D. Ill. Dec. 16, 2010), *aff'd*, 698 F.3d 1005, 1016-17 (7th Cir. 2012) ("World Church of the Creator" white supremacist organization);

- *United States v. Fernando Delatorre, et al.*, No. 03 CR 90, 2008 WL 161702, at *1 (N.D. Ill. Jan. 15, 2008), *aff'd by United States v. Benabe*, 654 F.3d 753, 760 (7th Cir. 2011) (Insane Deuces street gang);[9]

- *United States v. Calabrese, et al.*, No. 02 CR 1050, 2008 WL 4274453, at *9 (N.D. Ill. Sept. 10, 2008) (Chicago Outfit) (denying motion for new trial and addressing government's motion for anonymous jury therein);

- *United States v. Benevolence International Foundation, et al.*, No. 02 CR 892, Dkt. 152 (N.D. Ill. Jan. 28, 2003) (granting parties' joint motion for anonymous jury);

- *United States v. Colon et al.*, No. 97 CR 659. Dkt. 338, 339 (N.D. Ill. Apr. 27, 1998) (Latin Kings street gang);

- *United States v. Larry Hoover, et al.*, No. 95 CR 508, Dkt. #202 (N.D. Ill. Dec. 12, 1996) (granting government's motion for an anonymous jury);

- *United States v. Infelise*, No. 90 CR 87, 1991 WL 246557, at *1 (N.D. Ill. Sept. 16, 1991), *aff'd by United States v. DiDomenico*, 78 F.3d 294, 301 (7th Cir. 1996) ("Ferriola Street Crew"); and

- *United States v. Andrews, et al.*, No. 89 CR 908, Dkt. 4401 (N.D. Ill. Apr. 30, 1996) (El Rukn street gang).[10]

---

[8] The defendant in *Kashmiri* there consented to the motion, but, as the court noted, that consent did "not obviate the Court's duty to conduct the required analysis before empaneling an anonymous jury."

[9] *See also United States v. Morales*, 655 F.3d 608, 620-23 (7th Cir. 2011).

[10] The government has located at least one case within the Northern District of Illinois where the government requested an anonymous jury and the court denied the motion. *United States v. Henry Ingram, et al.*, No. 04 CR 464, R. 1024 (N.D. Ill. Sept. 2, 2005) (Black Disciples street gang).

## IV. CONCLUSION

Based on the foregoing, the government requests that the Court grant the government's unopposed motion for an anonymous jury and empanel an anonymous jury in the trial against defendants, consistent with the limitations set forth above.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:    */s/Jason A. Julien*
JASON A. JULIEN
ANN MARIE E. URSINI
CAITLIN WALGAMUTH
SEAN HENNESSY
Assistant United States Attorneys
219 S. Dearborn Street, Rm. 500
Chicago, Illinois 60604
(312) 353-5300

**CERTIFICATE OF SERVICE**

      I, Jason A. Julien, an attorney, certify that I served a copy of the foregoing Government's Motion to Empanel an Anonymous Jury by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

      Respectfully submitted,

      MORRIS PASQUAL
      Acting United States Attorney

By:   */s/Jason A. Julien*
      JASON A. JULIEN
      ANN MARIE E. URSINI
      CAITLIN WALGAMUTH
      SEAN HENNESSY
      Assistant United States Attorneys
      219 S. Dearborn Street, Rm. 500
      Chicago, Illinois 60604
      (312) 353-5300