UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 618 |
| v. | Honorable Martha M. Pacold |
| CHARLES LIGGINS, et. al. | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS THOMAS AND LIGGINS' MOTION *IN LIMINE* TO DELETE WRITTEN DESCRIPTIONS IN THE CAMTASIA VIDEO**

Defendants Liggins and Thomas move the Court to order the government to delete from the Camtasia summary exhibit all written descriptions, arrows and "any other indicators." Dkt. No. 218. Accurate written descriptions are necessary to orient the viewer and are appropriate for a summary exhibit admitted pursuant to Federal Rule of Evidence 1006. However, to address some of defendants' stated concerns, the government will instead move into evidence a revised version of the Camtasia summary exhibit that removes the existing written descriptions and markings and instead includes only (1) the source of the surveillance footage video or still; (2) the accurate time stamp of the video or clip if not visible on the face of the footage; and (3) select arrows to identify items on screen that will be the subject of witness testimony at trial.[1] These labels are necessary for convenient examination in court, to orient the viewer, and ease the review of the otherwise voluminous recordings.

---

[1] The government will provide a copy of the final, revised version of the Camtasia summary exhibit to the parties and the Court upon resolution of this pending motion.

Accordingly, the government respectfully requests the Court deny defendant's motion.

## RELEVANT FACTUAL BACKGROUND

As detailed in the government's first motion *in limine* (Dkt. No. 238 at 1), the Camtasia compilation video is a compilation of nearly 50 different video clips or still images that summarizes video footage from August 4, 2020 from approximately 22 different POD cameras, three different addresses on Oak Street, and approximately eight different cameras located at Parkway Gardens. A copy of the video has provided to the Court and is marked as Exhibit A. It captures defendants at Parkway Gardens, their travel from Parkway Gardens to Oak Street, portions of Oak Street, the shooting, and defendants' flight after the shooting.

At trial, the government plans to admit a version of the Camtasia compilation video with limited and revised text. Specifically, the added labels will be limited to (i) the video or still image clip source; (ii) the accurate time stamp of the clip if not already visible on the face of the recording itself; and (iii) occasional arrows to highlight particular areas of the screen. These necessary additions orient the viewer by providing critical source information (video source and time) and selected areas of focus, thereby making for a convenient examination in court, as contemplated by Rule 1006. The remaining written descriptions defendants identified in their brief, including "Fusion pulls in" (Ex. A at 0:16) and "Both cars pull out" (*Id.* at 6:06), will

be removed.[2] The limited use of arrows will point out an individual, vehicle, or particular area of the screen in certain clips but will not label the individual or item. Representative examples are attached hereto as Exhibit B.[3] Additionally, the witness responsible for creating the summary exhibit will testify at trial and be subject to defendants' cross examination, including on the decisions to select certain clips of video and highlight particular areas.

## ARGUMENT

Rule 1006 allows the use of a "summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. Rule 1006 "requires a party seeking to introduce a summary of voluminous records to provide copies of those records to the opposing party at a reasonable time and place," which "has been understood to be such that the opposing party has adequate time to examine the records to check the accuracy of the summary." *United States v. Isaacs*, 593 F.3d 517, 527 (7th Cir. 2003) (internal citations omitted). A proponent of a summary exhibit "need only make a showing that 'the underlying records are accurate and would be admissible as evidence.'" *United States v. Shorter*, 874 F.3d 969, 978 (7th Cir. 2017) (quoting *United States v. Oros*, 578 F.3d 703, 708 (7th Cir. 2009)). The summary exhibit must

---

[2] These type of descriptions are accurate and factual, and thus appropriate labels in a summary exhibit. However, to address defendants' concerns, the government will remove them as requested.

[3] The labels visible in Exhibit B are from the existing Camtasia summary exhibit. In the new video summary exhibit, those labels will be removed or modified as discussed above. In Exhibit B, the labels' contents have been redacted.

3

accurately summarize the records; it may not misrepresent their contents or "make argument or inferences the jury should draw from them." *United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013).

Accurate, objective information, like the video source and time of a clip, are proper entries in the summary video exhibit. These labels are necessary to orient the viewer and identify the relevant video or image clip, akin to a column identifying the data source in a summary exhibit chart. *See United States v. White,* 737 F.3d 1121, 1136 (7th Cir. 2013) (admitting chart as summary exhibit because the chart "categorized instances of objective characteristics" where it had no "argumentative labels or phrasing"). The summary exhibit includes approximately fifty different video clips or still images taken from over thirty different cameras at various different points of time on August 4, 2020. Defendants' request to remove all written descriptions, including the source of the video footage and the time, would strip Rule 1006 of its critical function to summarize voluminous records for convenient review. This type of objective date and time data is routinely accepted in other types of summary exhibits including, for example, in historical cell site location data maps that identify the time and location for a particular call or data transaction, and charts that summarize financial transactions, including the date and source of a transaction.

Additionally, the use of arrows to focus viewers to a particular area within the footage is appropriate for a Rule 1006 summary exhibit. For example, in *United States v. Babichenko,* 543 F.Supp.3d 946, 953-54 (D. Idaho June 9, 2021), the court admitted summary exhibits pursuant to Rule 1006 that included arrows indicating

4

the flow of money between defendant's business entities, finding the arrows to be a "reasonable method of presenting evidence." Moreover, the creator of the summary exhibit will testify at trial about the reason he or she placed a specific arrow in the summary exhibit. Defendants will have the opportunity to cross-examine him or her, including on the use of the arrows. *White,* 737 F.3d at 1136 (defendants were "free to cross-examine the spreadsheet's creator to bring out" any information it believed was omitted from the summary exhibit there, a spreadsheet); *United States v. Richardson*, 233 F.3d 1285, 1294 (11th Cir. 2000) ("where the defense has the opportunity to cross-examine a witness concerning the disputed issue [in the summary chart] and to present its own version of the case, 'the likelihood of any error in admitting summary evidence diminishes.'") (internal citation omitted).

## CONCLUSION

For the foregoing reasons, the government respectfully requests the Court deny defendants Thomas and Liggins' motion *in limine* to delete the written descriptions added to the Camtasia summary exhibit.

                        Respectfully submitted,

                        MORRIS PASQUAL
                        Acting United States Attorney

By:    /s/ *Caitlin Walgamuth*
       JASON A. JULIEN
       ANN MARIE E. URSINI
       CAITLIN WALGAMUTH
       SEAN HENNESSY
       Assistant U.S. Attorneys
       219 South Dearborn, Room 500
       Chicago, Illinois 60604
       (312) 353-5300

## **CERTIFICATE OF SERVICE**

I, Caitlin Walgamuth, an attorney, certify that I served a copy of the foregoing Government's Response to Defendants Thomas and Liggins Motion to Delete The Written Descriptions Added to Camtasia Video by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

        Respectfully submitted,

        MORRIS PASQUAL
        Acting United States Attorney

By:   /s/ *Caitlin Walgamuth*
        JASON A. JULIEN
        ANN MARIE E. URSINI
        CAITLIN WALGAMUTH
        SEAN HENNESSY
        Assistant United States Attorneys
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300