IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 21-CR-00618-2 |
| | ) | |
| | ) | |
| CHARLES LIGGINS, a/k/a | ) | |
| "C Murda", KENNETH ROBERSON, | ) | |
| a/k/a "Kenny" and "Kenny Mac" | ) | |
| TACARLOS OFFERD, a/k/a "Los," | ) | |
| CHRISTOPHER THOMAS, a/k/a | ) | |
| "C Thang," and | ) | |
| MARCUS SMART, a/k/a "Muwop" | ) | |

**KENNETH ROBERSON'S
RESPONSE TO GOVERNMENT'S
MOTION TO EMPANEL AN ANONYMOUS JURY**

NOW COMES the Defendant, KENNETH ROBERSON, by the undersigned counsel, and objects to the GOVERNMENT MOTION TO EMPANEL AN ANONYMOUS JURY, by stating as follows:

Kenneth Roberson and others are charged with two racketeering activities, murder and narcotics trafficking, in violation of 18 U.S.C. §1959(a)(1) and 2. The §1959 violations are charged in various manners throughout the indictment.

The events at trial will largely center around the murder of a rapper named FBG Duck, which took place August 4, 2020, as he was exiting a store on Oak Street in Chicago. Initially, the shooting was reported upon by media but in the years since publicity has waned significantly. To make that point, undersigned counsel performed a search of the name "Ralph Turpin", the defendant most recently indicted

on April 5, 2023, and the defendant who should be the focus of the most recent publicity. Attached hereto as Exhibit 1 is a PDF of the first page of the search results in reverse chronological order. There are only two mentions in the media in the last several months and one of them was focused on the murder of "King Von" in Atlanta, Georgia. The instant case is simply not noteworthy.

The fact is that a non-anonymous jury has been utilized in nearly every case ever heard in this country. Still, despite the use of names and addresses in open court, one would be hard pressed to find a single instance of any juror being subjected to violence, or even threats, because of their jury service. This is true in cases far more notorious than this. See: How Courts Care for Jurors in High Profile Cases, U.S. Courts, January 24, 2020. Found at: https://www.uscourts.gov/news/2020/01/24/how-courts-care-jurors-high-profile-cases.

Nevertheless, the Government seeks the extraordinary and extreme measure of seeking an anonymous jury. Not only are they are asking that the public and the defendants be deprived of any knowledge of prospective and selected jurors, but the Prosecution is also seeking this Court's imprimatur on depriving Mr. Roberson's Defense Counsel (both of whom possess national security clearances) from knowing details about prospective and selected jurors. Notably, neither have ever been accused of divulging the contents of a sealed motion or breaching a promise to keep something confidential. Counsel believes the same is true of all defense counsel in this case.

The Government concedes that such a procedure "is an extreme measure" which should be used only "where there is strong reason to believe the jury needs protection." *United States v. Mansoori*, 304 F. 3d 635, 650 (7th Cir. 2002). The Government concludes this is such an "extreme" case, without citing a single, articulable fact supporting any real or perceived threat to the jury in this case.

The arguments against the extreme procedure, cited in *Mansoori* and delineated by the Government in its request, are obvious. The procedure interferes with the presumption of innocence, since it suggests up front to the jurors that the defendants are a dangerous threat to them. It also deprives the defendants of their Due Process right to a fair trial denying them information that would help them make an informed and appropriate challenge to a juror.

Notwithstanding that *Mansoori* and other cases have allowed the procedure, it is still the extreme exception, one the Court should not allow here. Mere allegations of potential risk are an insufficient basis for an anonymous jury. It is all rank speculation: the Government fails to allege any actual threat to jurors, witnesses, parties, lawyers, or anyone else in this case, and almost none of the "factors" which it lists as considerations are present in this case. There is no record upon which the Court may make the required findings.

A court must receive evidence and make findings of fact so that use of an anonymous jury remains a "device of last resort" for extreme cases. *United States v. Krout,* 66 F. 3d 1420,1427 (5th Cir. 1995); See also *United States v. Sanchez* 74 F. 3d 562 (5th Cir. 1996); *United States v. Blagojevich*, 612 F. 3d 558 (7th Cir. 2010). The fact

3

that other courts have allowed the procedure is not persuasive where the Government has failed to make a proper showing of the extreme nature of the facts in this case. Moreover, in many of the cases where some form of the procedure has been allowed, counsel is informed of the jurors' names. *United States v. Lee*, 886 F. 2d 998 (8th Cir. 1989); *United States v. Darden*, 70 F. 3d 1507 (8th Cir. 1995).

The Government describes the factors for this Court to consider, but improperly concludes they apply in this case, without evidence. No single factor should control, of course (Mr. Roberson would concede that the charges concern "organized crime"), but the one factor which is essential when an effort is being made to deny a defendant a right given in almost every other criminal trial is lacking. There is unquestionably not even a suggestion of the remotest threat to a juror in the Government's lengthy history of the defendants in this case.

Seating a jury whose members are not even identified to Defense Counsel violates the Sixth Amendment right to a public trial and the Sixth and Fifth Amendment rights to an impartial jury. It is especially egregious here where Ms. Bormann and Mr. Greenberg are holders of national security clearances with histories that demonstrate their discretion in protecting sensitive and classified information. Anonymity impairs *voir dire*. It is contrary to the goal of *voir dire*. *Voir dire* plays a critical function in assuring the criminal defendant that his right to an impartial jury will be honored. Without an adequate *voir dire* the trial judge cannot fulfill his or her responsibility to remove prospective jurors who are unwilling to follow

the court's instructions and evaluate the evidence. *Morgan v. Illinois*, 504 U.S. 710 (1992).

Should this Court be inclined to entertain this extreme request from the Government, in any manner, Mr. Roberson requests that, at the very least, his attorneys be provided with the jurors' names and addresses. Chicago is a city known for its neighborhoods, and each neighborhood is unique and distinct. As a general principle, people who live in different parts of the city hold different views, and the easiest way to, at least as a threshold, understand those views is to learn where they live. People in Beverly look at life differently than people in Englewood, yet the two neighborhoods are both on the southside and next to each other. The same would certainly be true of the suburbs. Generally, people in Winnetka view things differently from people who live in Homewood. The viewpoints of people who live in Cook County often are very different than those from people who live in DuPage County.

Thankfully, there is little history of interference with, or threats to, jurors in this District or, for that matter, nationally. The Government cites none. It is inconceivable that such a curtailment of Mr. Roberson's rights would be attempted without a palpable description of such a threat.

Respectfully submitted,

KENNETH ROBERSON, Defendant

By: *s/ Cheryl Bormann*

5

                                                                One of His Attorneys

**Steven Greenberg**
**GREENBERG TRIAL LAWYERS**
**53 W. Jackson Blvd., Suite 315**
**Chicago, Illinois 60604**
**(312) 879-9500**
*Steve@GreenbergCD.com*

**Cheryl T. Bormann**
**Law Offices of Cheryl Bormann**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL  60604**
**(312) 588-5011**
*Cheryl.T.Bormann@gmail.com*

## **CERTIFICATE OF SERVICE**

I, Cheryl T. Bormann, an attorney, certify that I served a copy of the foregoing Kenneth Roberson's Objection to Government Motion to Empanel an Anonymous Jury by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

/s/Cheryl T. Bormann

Cheryl T. Bormann
Law Office of Cheryl T. Bormann
53 W. Jackson Blvd.
Suite 315
Chicago, Il 60604
312-588-5011