# JURY EVIDENCE RECORDING SYSTEM (JERS)

## 1. Introduction to JERS

JERS is a computer system that the jury will use to review exhibits on a wide-screen video monitor, rather than reviewing paper copies. JERS is not directly used to present evidence in court during trial; right now, it's just used to display exhibits during deliberations. The jury room has the JERS computer, a touch-screen monitor for the jury to pick an exhibit to display, and the wide-screen monitor. JERS can display what otherwise would have been on paper (including photos), and JERS also can play audio and video files. We're using this system to maximize the digital presentation of evidence and to minimize the need for jurors to receive, handle, and manage physical copies of the evidence. With JERS, the jury can zoom-in on parts of an exhibit, search text, and play audio and video files (so there's no need for a party to supply the jury with a laptop for deliberations). To facilitate the jury's use of JERS, you must supply your exhibits to the Court in digital format, and you must name your exhibits using a specific convention.

## 2. File types usable with JERS

JERS accepts these common file types:

- Documents and Photographs: .pdf, .jpg
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4 .wma, .wav

If you have another type of file, advise the Court staff and we will determine whether it is supported.

## 3. Exhibit-naming convention

To use JERS, both sides must use the following exhibit-naming convention, which also will serve as the file name for the digital file: the exhibit number, followed by an underscore, followed by a neutral description of the exhibit. The convention is thus:

**<exhibit number>_<exhibit identification>.<file extension>[1]**

Examples:

- 1_Financial Statement 2009 Annual.pdf
- 2_Contract 2010 Renewal.pdf
- 3_Photo Front Door.jpg
- 4_Audio Dec 11 2013 Phone Call.mp3
- 5_Video Traffic Stop.wmv

[1] The file-type extension (*e.g.,* .pdf, .wmv) is automatically added by your computer. It is included here for completeness.

**Use consecutive numbers to designate exhibits**; do ***not*** use letters to designate exhibits. Also, do not use an "exhibit part," such as 1A or 2A. Just use consecutive numbers (plus the neutral description). The neutral description cannot be more than 200 characters (hopefully, you'll never come close to that limit). JERS itself adds a party prefix for each side ("Pla" (or "Gov" for government) and "Def") when we import the files into JERS, party-by-party, so the fact that both sides use numbers to designate exhibits will not be problematic. If there are multiple parties on a particular side, however, then you must coordinate with your co-plaintiff(s) or co-defendant(s) to generate a consecutively numbered set of exhibits. If you're using litigation-display software that imprints a "digital" exhibit sticker on documentary exhibits, that's fine, though you should confine the exhibit sticker to the party designation (*e.g.*, Pla or Gov, and Def) and the exhibit number. One last thing: a physical object of course will not be imported into JERS, but you should still assign a consecutively numbered exhibit designation to it, along with a neutral description. Then create a one-page .pdf with the exhibit number and neutral description on it, and submit those exhibits as part of the JERS disc. By creating this stand-in for physical objects, we accomplish two things: (1) we can print a comprehensive exhibit list before the trial for the Court and for the parties, which we all can use to track whether an exhibit is allowed into evidence (including physical objects); and (2) the jury's exhibit list will be complete, and it will serve as a reminder of what physical objects were allowed into evidence.

**4. Trial exhibits**

After the pretrial conference, do not renumber the exhibits, even if during the pretrial conference the Court deemed some of them inadmissible. This will preserve consistency of exhibit numbering from the pretrial conference and throughout trial, and the record will be clearer. Five business days before the trial, supply the trial exhibits to the courtroom deputy and to the other side, again on a USB drive. At this trial stage, you need not include exhibits that have been deemed inadmissible (you may include exhibits that still have a chance of being allowed, *e.g.*, if the other party opens the door to evidence deemed otherwise inadmissible). You should continue to include even those exhibits that are not likely to be allowed directly into evidence, but to which the Court will likely need to refer (*e.g.,* deposition transcripts for impeachment of will-call witnesses). The Court will run a test to ensure that the exhibits are imported correctly into JERS. Also supply two copies of the exhibits in paper form; these will serve as the backup to JERS, in the event that JERS suffers a technical failure during deliberations.

**5. Trial exhibits newly added during trial**

When an exhibit is allowed into evidence during trial and the exhibit was not previously supplied on the JERS flash drive, not surprisingly the exhibit must follow the same exhibit-naming convention as described above. Counsel for the offering party must supply the exhibit in digital format as soon as possible, and the courtroom deputy will import it into JERS.

**6. Close of Evidence**

Before closing arguments, we'll confer on the record to ensure agreement on which exhibits were allowed into evidence during the trial. After jury instructions, the lawyers will confer with the courtroom deputy to examine the list of exhibits to be released to the jury for deliberations on JERS. The jury will not be supplied with paper copies, unless there is good cause for a particular exhibit (or if JERS breaks down). Physical-object exhibits that the Court

allows the jury to examine during deliberations will be provided to the jury as usual, via the court security officer.

**7. Use of JERS by the jury**

At the end of jury instructions, the Court will inform the jury that they will be using the JERS system. The jury will watch a video tutorial that explains how to use the system. Judge Tharp will accompany the jury into the jury room to view the tutorial, but will instruct the jury that, like any other question during deliberations, the jury must ask questions about JERS in writing (and like any other jury question, the Court will share it with counsel before responding). The JERS computer is not equipped to allow the jury to access the internet, or indeed any other program other than JERS. If JERS fails during deliberations, the jury will ask for help in writing. The systems staff will not be permitted in the jury room without the Court's express permission, and only after the jury has been escorted out of the jury room. If the problem is not fixable in a short time, the Court will provide the jury with the paper-copy backup of the allowed exhibits.